CLYDE PERRY, *Appellant,* v. BOARD OF PUBLIC INSTRUCTION, et al., *Appellees.*

137 So. 701.

En Banc.

Opinion filed November 5, 1931.

*O. P. Hilburn,* for Appellant;

*W. F. Himes,* for Appellee.

WHITFIELD, J.—This appeal is from a decree dismissing a bill of complaint brought by a taxpayer to enjoin the county board of public instruction from creating or issuing obligations for mnoey to be borrowed, and from paying out any of county school funds for money borrowed under the provisions of Chapter 15779, Acts of 1931, which it is contended was not validly enacted. The act was held to be valid as against the assault made on it in Board v. McKenzie decided at this term.

It appears that on July 7, 1931, the Senate passed Senate Bill No. 19XX entitled ''An act authorizing the

county boards of public instruction of the several counties of the State of Florida to borrow money; providing a rate of interest and limiting the amount of such money so to be borrowed to 80% of the estimated revenue accruing.'' The passage of the bill by the Senate was certified to the House of Representatives.

In the House on July 25th:

''Mr. Taylor of Gadsden and Rogers of Broward, offered the following amendment to Senate Bill No. 19-XX:

Strike out Section 1 and insert in lieu thereof the following:

''Section 1. The County Boards of Public Instruction of the several counties of the State of Florida are hereby authorized and empowered to borrow sums not exceeding 80 per cent of the amount of revenue reasonably expected to be received from the State of Florida from the County School Fund at a rate of interest not exceeding 8 per cent, provided the estimate of all revenue to be received from said source has been approved by the State Superintendent of Public Instruction. Any moneys borrowed under the provisions of this Act for any fiscal year shall be repaid to the parties from whom borrowed out of the first receipts of such County Board of Public Instruction from said source. The right and power to borrow money herein granted to the powers now existing, but the estimated receipts from the County School Fund shall not be considered in borrowing money under any other Act. No money shall be borrowed under the provisions of this Act unless all moneys borrowed under the provisions of this Act for previous fiscal years have been repaid in full.

Mr. Taylor moved the adoption of the amendment.

The amendment was agreed to.

Mr. Rogers moved that the rules be further waived and that Senate Bill No. 19-XX, as amended, be read a third time in full and put upon its passage. Which was agreed to by a two-thirds vote. And Senate Bill No. 19-XX, as amended, was read a third time in full.'' And passed by the House vote 61 to 0.

On the same day as shown by the Senate Journal the Clerk of the House reported to the Senate "that the House of Representatives has passed with amendments:

Senate Bill No. 19-XX:

A bill to be entitled An Act authorizing the County Boards of Public Instruction of the several counties of the State of Florida to borrow money; providing a rate of interest, and limiting the amount of such money so to be borrowed to 80% of the estimated revenue accruing.

Which amendments are as follows:

No. 1—

Strike out Section 1 and insert in lieu thereof the following:

"Section 1. The County Boards of Public Instruction of the several counties of the State of Florida are hereby authorized and empowered to borrow sums not exceeding 20 per cent of the amount of revenue reasonably expected to be received from the State of Florida from the County School Fund at a rate of interest not exceeding 8 per cent, provided the estimate of all revenues to be received from said source has been approved by the State Superintendent of Public Instruction. Any moneys borrowed under the provisions of this Act for any fiscal year shall be repaid to the parties from whom borrowed out of the first receipts of such County Board of Public Instruction from said source. The right and power to borrow money herein granted shall be cumulative to the powers now existing, but the anticipated receipts from the County School Fund shall not be considered in borrowing money under any other Act. No money shall be borrowed under the provisions of this Act unless all moneys borrowed under the provisions of this Act for previous fiscal years have been repaid in full."

No. 2—

Change the word and figure "Section 2" to read "Section 3", and insert the following as "Section 2": Section 2. All laws and parts of laws in conflict herewith are hereby repealed."

"And respectfully requests the concurrence of the Senate therein."

"Senator Futch moved that the Senate concur in House Amendment No. 1 to Senate Bill No. 19-XX, contained in the above message.

Which was agreed to.

And the Senate concurred in House Amendment No. 1 to Senate Bill No. 19-XX.

Senator Futch moved that the Senate do concur in House Amendment No. 2 to Senate Bill No. 19-XX, contained in the above message.

Which was agreed to.

And the Senate concurred in House Amendment No. 2 of Senate Bill No. 19-XX."

It is contended that as the report made by the Clerk of the House to the Senate showed that the amendment made to Senate Bill No. 19-XX by the House limited the borrowing power of the county board of public instruction to "sums not exceeding 20 per cent of the amount of revenue reasonably expected to be received from the State," the enrolled bill showing "80 per cent" as the limit was not duly passed by both Houses of the legislature.

The House Journal shows the amendment as adopted by the House to read "80 per cent" and that accords with the enrolled bill that was authenticated and became a law.

There is nothing to indicate that the House again amended the same Section of Senate Bill No. 19-XX; and the report of the Clerk of the House, as shown by the Senate Journal if not a mere clerical error, cannot overcome the Journal entry showing the amendment that was adopted by the House and the contents of the enrolled bill which became a law in due course. See State ex rel. v. Brown, 20 Fla. 407.

Affirmed.

BUFORD, C.J., AND TERRELL, BROWN AND DAVIS, J.J., concur.